Filed 3/1/23  P. v. Perez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061724 |
| v. | (Super. Ct. No. 96CF1019) |
| FERNANDO QUEZEDA PEREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

A jury convicted defendant Fernando Quezeda Perez of hit and run with injury (Veh. Code, § 20001, subd. (a)) but was unable to reach a verdict on the remaining two counts of murder (Pen. Code, § 187, subd. (a))[1] and two counts of driving under the influence (Veh. Code, § 23153, subds. (a)-(b)). The trial court declared a mistrial on the latter counts. Defendant later pled guilty to two counts of second degree murder and two counts of driving under the influence.

The court sentenced defendant to state prison as follows: (1) fifteen years to life on counts 1 and 2; (2) two years on count 3, which was stayed pursuant to section 654; (3) two years on count 4; and (4) two years on count 5. The sentences on counts 2, 4, and 5 were ordered to run concurrently to count 1.

In April 2022, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2] The trial court summarily denied defendant's petition. Defendant timely filed a notice of appeal and we appointed counsel to represent him. Counsel advised the court he was unable to find an issue to argue on defendant's behalf and requests that we review the entire record. (*People v. Wende* (1979) 25 Cal.3d 436.) Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel also identified one issue to assist in our independent review: whether the court abused its discretion by denying defendant's petition at the prima facie stage on the grounds that he could be convicted of implied malice murder after the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.). (Stats, 2018, ch. 1015, § 1.) Defendant was given the opportunity to file written argument on his own behalf, and he did. The issues defendant raises are described below.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

FACTS

In 1996, an information against defendant charged him with two counts of murder (§ 187, subd. (a); counts 1 & 2), two counts of driving under the influence with injury (Veh. Code, § 23153, subd. (a)-(b); counts 3 & 4), and one count of hit and run with injury (Veh. Code, § 20001, subd. (a); count 5). The information also alleged defendant had three prior convictions for violating Vehicle Code section 23152, subdivision (a).

In 1997, the jury found defendant guilty on count 5 (hit and run with injury) but was unable to reach a verdict on counts 1 through 4. The court declared a mistrial on the latter counts. Defendant later pled guilty to counts 1, 2, 3, and 4. As to the factual basis for the guilty plea, defendant stated: "On or about April 6, 1996, in Orange County, I did willfully and unlawfully engage in conduct that I subjectively knew to be dangerous to human life, to wit: driving with a .20 blood alcohol level, without a valid driver's license and speeding in excess of 15 mph over the posted speed limit. As a result of my conduct, two human beings were killed in the vehicle collision which I caused and one human being was physically injured. I was driving under the influence of alcohol at the time of the collision and with a .20 blood alcohol."

In 1998, the court sentenced defendant to state prison as follows: (1) fifteen years to life on counts 1 and 2; (2) two years on count 3, which was stayed pursuant to section 654; (3) two years on count 4; and (4) two years on count 5. The sentences on counts 2, 4, and 5 were ordered to run concurrently to count 1.

3

In April 2022, defendant filed a petition for resentencing. In his petition, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant, received additional briefing from the parties, and conducted a prima facie hearing. After taking the matter under submission, the court summarily denied defendant's petition for resentencing.

First, the court noted the record of conviction refuted the allegations in the petition. The court emphasized the prosecution never proceeded on any of the eligible theories for resentencing, which was evident from the complaint and information. The court added the jury instructions given to the jury prior to the mistrial were informative as to the theory of prosecution. The jury was never instructed on felony murder, the natural and probable consequences doctrine, or any other theory of murder where malice was imputed based on defendant's participation in a crime. Instead, the jury instructions showed "the prosecutor proceeded only on the theory of implied malice murder in that petitioner committed an intentional act, driving under the influence of alcohol, with knowledge of the danger to and with disregard for human life, which act resulted in the two deaths." But the jury was not instructed on vicarious liability. The court noted the prosecutor never amended the information at any point between the mistrial and rescheduled retrial dates so it was reasonable to infer the prosecutor would have retried

4

defendant for the murders on the same theory of implied malice presented at the initial trial.

Second, the court relied on the factual basis for defendant's guilty plea. The court noted defendant "admitted to having committed an intentional act, driving with a blood alcohol level of .20 without a valid driver's license and speeding, which act he knew was dangerous to human life, and that 'As a result of my conduct, two human beings were killed in the vehicle collision which I caused and one human being was physically injured.'" Likewise, defendant admitted to having suffered three prior convictions for driving under the influence. The court concluded: "This factual basis establishes every element of *Watson* murders (*People v. Watson* (1981) 30 Cal.3d 290), or implied malice murders. This is the only conclusion from petitioner's factual basis, and under the current law, petitioner would still be guilty of murder. Therefore, petitioner is ineligible for relief . . . ."

DISCUSSION

Defendant's petition is without merit. In determining whether the petitioner has made a prima facie case for relief, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including the underlying facts as presented in an appellate opinion, the trial evidence, the jury instructions, closing arguments of counsel, and any guilty pleas. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, overruled on other grounds in *Lewis, supra*, 11 Cal.5th at pp. 961-962.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the record of conviction shows the prosecution did not proceed on any of the eligible theories for resentencing. Indeed, the jury was never instructed on felony murder, natural and probable consequences, or any other theory where malice was imputed based solely on defendant's participation in a crime. Instead, the jury instructions demonstrate the only theory presented to the jury was that defendant was the driver and was involved in an accident resulting in death. In his guilty plea, defendant also admitted he was the direct perpetrator of the murders. The record of conviction further refutes defendant's petition because he would still be guilty of murder under current law. Implied malice murder occurs "'when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses.'" (*People v. Roldan* (2020) 56 Cal.App.5th 997, 1004.) In the instant case, defendant admitted to driving with a blood alcohol level of 0.20 percent and speeding without a license, which he knew was dangerous to human life. He also admitted two people were killed while another was injured because of his conduct. Given defendant's guilty plea and admissions, he would still be guilty of murder under current law.

In his supplemental brief, defendant does not address the question of whether he qualifies for resentencing relief. Instead, he contends his former counsel pressured him and/or lied to him during their discussions about the plea deal. Defendant's contentions raise no arguable issues for reversal in this appeal.

DISPOSITION

The postjudgment order is affirmed.


                                                    SANCHEZ, J.

WE CONCUR:


GOETHALS, ACTING P. J.


DELANEY, J.